Day, J.
The controversy between the parties in this case relates to the priority of liens on real estate. A brief state *284 ment will sufficiently present the only question necessary to be here considered.
In 1851 Bennet Lewis (the plaintiff), William Anderson, and John Anderson entered into partnership for the purpose of manufacturing cotton fabrics. For that purpose they purchased the real estate in controversy. Lewis paid one-half of the purchase-money,, and each of the other partners one quarter; but the title was taken in the name of Bennet Lewis and William Anderson, who held it for the benefit of the firm as partnership property. In November, 1856, the firm was dissolved by the death of John Anderson. The personal property of the firm was insufficient to pay the partnership debts.
In 1861 William Anderson mortgaged the premises to the defendant Anna O. McCreight to secure the payment of a pre-existing debt of his own due to her, which remains un paid. Mrs. McCreight received the mortgage in good faith, without notice of any partnership equities of the plaintiff in .the premises.
The estate of John Anderson being insolvent, the defendant James Anderson, his administrator, seeks to subject the interest of his decedent in the premises to the payment of the debts of the estate.
The plaintiff, having claims against the firm, brought his action to subject the real estate in controversy to the payment of the partnership debts. The case came to the district court on appeal, where it was hold and adjudged that the mortgage of Mrs. McCreight was a good and valid lien on the undivided one-fourth part of the premises, prior to that of the plaintiff. To this judgment the plaintiff excepted, and now prosecutes this petition in error for its reversal.
The holding of the court is based on specific findings of fact, which, together with the answer of Mrs. McCreight, preclude the implication of any other consideration for the mortgage than to secure the pre-existing debt of the mortgagor to the mortgagee, which was in no way connected with the partnership.
While, on the one hand, it is not disputed but that the lien *285 of tlie partnership debts on the property of the firm is prior to that of the individual debts of the partners, on the other hand, it is conceded that a purchaser or mortgagee, for a valuable consideration, of the interest of one partner in the partnership property, without notice of the partnership, or of the equities of the other partners in the property, would be protected in equity against the claims of the other partners in the property. But it is claimed that, when the only consideration for such a mortgage is merely to secure the payment of a preexisting individual debt of the partner to the mortgagee, there is no such valuable consideration as will enable the mortgagee to claim the equitable protection of a bon&-fide purchaser against prior equities. This, then, is the question. The consideration is good and sufficient as between the parties to the mortgage; but is it a sufficient foundation for a superior equity as against the prior equities of others in the property ?
A purchaser without notice is protected only when the purchase-money has been paid before notice. Jewett v. Palmer, 7 Johns. Ch. Rep. 68. Unless he has parted with his property, or changed his condition, on the faith of the conveyance, he is not injured. The equity in favor of a bond-fide purchaser is based as much upon the idea that he has parted with value on the credit of the land, as it is that he was ignorant of the infirmity of the title. Hence the rule is not available to a judgment creditor who has no notice of a prior equity, as he comes in under the debtor, “ and upon no consideration, like a purchaser.” 1 Story’s Eq. 398, note. Nor can a creditor, merely receiving a security for his debt, in any just sense, be called a purchaser, where no new consideration is advanced on the credit of the security received. It is nothing but a voluntary conveyance founded upon a good, but not valuable, consideration.
The rule which favors a bond-fide purchaser of land, and that which protects the holder of negotiable paper for value before due from infirmities affecting the instrument before it was transferred, are based substantially on the same equitable grounds, and upon the policy of the law, which favors trade and the security of titles, as conducive to the public good.
*286 In Dickerson v. Tillinghast (4 Paige, 215), it was held, tr at if a party merely takes a legal estate in land as security for a previous debt, without any other consideration therefor, he cannot retain the title to the prejudice of a prior equity in the land, though he had no notice of such equity. The case of Coddington v. Bay (20 Johns. Rep. 637), “upon the question as to what is necessary to constitute a boná-fide purchaser of a negotiable security for a valuable consideration without notice of a prior equity,” is cited by the chanceilor as a leading case analogous to the case before him. “ It was there held that the receiving of a negotiable note in payment of, or security for, a pre-existing debt, without any new consideration or other change of rights on the part of the persons receiving it, did not constitute them bonafide purchasers for a valuable- consideration,” although they had no notice of the rights of others.
We have also a leading case in our own State on the same subject as that of Coddington v. Bay. Although it may not go to the extent of that case, we see no good reason why we may not follow the example of Chancellor Walworth, and apply the principles settled by this court in that case, as analogous to the one in hand.
In Roxborough v. Messick (6 Ohio St. 448), it was held that, if a debtor transfers to his creditor a negotiable note before due, as collateral security to a pre-existing debt, without any consideration other than the mere fact of a prior indebtedness, the creditor is not the holder of the collateral for value in the usual course of trade, and receives it subject to all equities existing against it, at the time of the transfer.
As we have seen, there was no consideration for the mortgage to Mrs. McCreight, other than the pre-existing debt of the mortgagor; nor was she induced thereby to change her condition in any manner. Upon the principles determined in Roxborough v. Messick, she cannot be regarded as a purchaser for value, and therefore is not entitled to the protec tion afforded in equity to a bonáfide purchaser.
“ As a general rule,” says the Chancellor in Padgett v. Lawrence (10 Paige, 180), “ a purchaser of the legal title who *287 receives a conveyance merely in consideration of a prior indebtedness, is not entitled to protection, because he has lost nothing by the purchase. But the relinquishment of a valid security, which he before held for the debt, and which cannot be revived so as to place him in the same situation substantially as to security as he was in prior to the purchase, may of itself be sufficient to entitle him to protection as a boná-fide purchaser.” Willard’s Eq. 256.
It would seem, then, both upon reason and authority, that the holder of a mere voluntary mortgage to secure a pre-existing debt, without any other consideration, is not entitled to protection as a boná-jide purchaser.
It follows that the district court erred in holding the mortgage of Mrs. McCreight to be a lien on the premises in dispute superior to that of the prior partnership equity of the plaintiff, and, for that reason, the judgment must be reversed and the cause remanded to that court for a new trial.

Judgment aceorcUngly.

Beinkerhoff, C.J., and Scott, Welch, and White, JX, concurred.